ANN H. PERRY, Administratrix, *vs.* NEW BRUNSWICK RAILWAY COMPANY.

Aroostook.   Opinion August 7, 1880.

*Plea in abatement.*

A plea in abatement for want of sufficient service of a writ, should contain a direct and positive averment of what the service was, and that no other service was in fact made.   An averment, that " it appears that the only service of said writ was," &c., is not sufficient.

ON REPORT.

The question presented by the report is the sufficiency of the defendant's plea in abatement, which was as follows :

"And now on the second day of said February term, to wit : February 25, 1880, said defendant corporation, by Nicholas Fessenden, their attorney, come and defend when, etc., where, etc., and file this plea in abatement and pray judgment of the writ in aforesaid action, that the same may abate for want of service thereof, because said defendant corporation say it appears that the only service of said writ, was the delivering by R. L. Baker, sheriff, of an attested copy thereof to William C. Burpee, the alleged agent of said company, in the alleged depot and place of business of said company at Fort Fairfield in said county, on the second day of January, A. D. 1880.   And said corporation say that on said second day of January, 1880, they were a non resident, foreign or alien company or corporation, established under the laws of another state or country, to wit : under the laws of the Province of New Brunswick, doing no business within the State of Maine, and having no office, place of business, attorney, tenant nor agent within said State ; said Burpee not being then and there their agent, and said depot not then and there being their place of business or office.   And this said defendant company or corporation is ready to verify.   Wherefore they pray judgment of said writ, and that the same may be quashed."

Subscribed and sworn to by the attorney of the company.

*Powers & Powers,* for the plaintiff.

*Nicholas Fessenden,* for the the defendant.

LIBBEY, J. The defendants plead in abatement that the service of the writ is defective and insufficient. In pleas like this, which is a dilatory one, the greatest accuracy and precision are required; they should be certain to every intent and must not be argumentative; they should be direct and positive, and not by way of rehearsal, reasoning, or argument. 1 Chit. Pl. 395; *Severy* v. *Nye*, 58 Maine, 246.

If the defendants had a place of business in this State, or were doing business therein when the action was commenced, service of the writ is sufficient if made by leaving an attested copy thereof with the president, clerk, cashier, treasurer, agent, director, or attorney of the corporation, or by leaving such copy at their office or place of business. Acts of 1877, c. 155.

The only allegation in the plea in regard to the service of the writ is as follows: "Because said defendant corporation say *it appears* that the only service of said writ was the delivering by R. L. Baker, sheriff, of an attested copy thereof to William C. Burpee, the alleged agent of said company, in the alleged depot or place of business of said company, at Fort Fairfield, in said county, on the second day of January, A. D. 1880." Here is no direct and positive averment of what the service of the writ in fact was, or that no other service was in fact made. This essential part of the plea rests only on the averment that "*it appears*," not on a clear, direct and positive averment of facts, but on what appears somewhere else, with no intimation of where or how it appears.

As the plea in this respect is clearly bad, it is not necessary to point out other grounds on which it should be held insufficient.

*Plea in abatement bad. Defendants to answer over.*

APPLETON, C. J., WALTON, DANFORTH, VIRGIN and PETERS, JJ., concurred.